IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS

LEAH THOMPSON and
PATRICIA HARP                                                            PLAINTIFFS

vs.                         Case No. CV 2011-2

APPLE INC.                                                               DEFENDANT

### CLASS ACTION COMPLAINT

Comes now Plaintiffs Leah Thompson and Patricia Harp ("Plaintiffs"), Individually and on behalf of a Class of Similarly Situated Individuals, and for their complaint against Defendant Apple Inc. ("Apple" or "Defendant") state the following:

#### Parties, Jurisdiction and Venue

1. Plaintiffs are residents of Carroll County, Arkansas. A substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this jurisdiction.

2. Defendant Apple Inc. is a California corporation with its principal place of business in California. Defendant may be served by and through its Arkansas registered agent for service, The Corporation Company, 124 West Capitol Avenue, Ste. 1900, Little Rock, Arkansas 72201.

3. This Court has subject matter jurisdiction over this action because the amount in controversy exceeds the minimum jurisdictional limits of the Court. Defendant is not an Arkansas citizen for purposes of federal court diversity analysis. However, no Plaintiff's or individual Class Member's claim is equal to or greater than seventy-five thousand dollars ($75,000), inclusive of costs and attorneys fees. Moreover, the total damages of Plaintiffs and the Class, inclusive of costs and attorneys' fees, do not exceed five million dollars ($5,000,000), and Plaintiffs and the Class stipulate that they will not seek to recover an amount in excess of

that amount. As such, there is neither diversity nor Class Action Fairness Act jurisdiction for these claims in federal court. Pursuant to Arkansas Rule of Civil Procedure 8(a), this pleading demands unliquidated damages. Accordingly, it is intended, and shall by rule be interpreted, to limit recovery to an amount less than that required for diversity jurisdiction in federal court. Pursuant to Arkansas Rule of Civil Procedure 8(a), this pleading demands unliquidated damages. Accordingly, it is intended, and shall by rule be interpreted, to limit recovery to an amount less than that required for diversity jurisdiction in federal court.

4. This Court has personal jurisdiction over Apple pursuant to Arkansas Code Annotated §16-4-101 as Apple has had more than minimum contact with the State of Arkansas and has availed itself of the privilege of conducting business in this state. In addition, as explained below, Apple has committed affirmative acts within the State of Arkansas that give rise to civil liability.

5. Venue is proper in this forum pursuant to Arkansas Code Annotated § 16-55-213(a) and § 5-41-105 because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this county.

### Factual Background

6. This case is about Defendant's intentional violation of the privacy rights of Plaintiffs and other Class Members by committing computer trespass and an unlawful act regarding a computer in violation of Arkansas law. *See* Ark. Code Ann. § 5-41-101, *et seq.*; *see also* Ark. Code Ann. § 5-41-201 *et seq.*

7. Each Plaintiff owns an iPhone that has been affected by Apple's wrongful conduct as described herein.

8. Defendant has designed all versions of its iPhones and their operating systems to freely permit and disseminate information without the knowledge and consent of Plaintiffs and Class Members. The iPhone smartphones utilize and permit the installation of computer code designed to extract information about Plaintiffs and Class Members and to track Plaintiffs' and Class Members' activities. These codes are installed on smartphones in Arkansas by Defendant and by application designers using and selling applications with Defendant's knowledge and consent.

9. Apple purports to limit what can be installed on an iPhone by requiring iPhone applications to be offered exclusively through its App Store. Apple reviews those apps for function, offensiveness and other criteria. Apple says iPhone apps "cannot transmit data about a user without obtaining the user's prior permission and providing the user with access to information about how and where the data will be used."[1] But this assertion is inaccurate.

10. Specifically, Plaintiffs allege that Apple has secretly, intentionally, and without authorization accessed and altered, and allowed to be accessed and altered, Plaintiffs' and Class Members' smartphones in order to acquire data about them and their activities. Further, Apple has intentionally implanted, and allowed to be implanted, a "computer contaminate" into Plaintiffs' and Class Members' smartphones.

11. Plaintiffs also assert that Defendant extracts and receives information from iPhone smartphones running for its own pecuniary interest.

12. Defendant's pervasive and clandestine actions in accessing Plaintiffs' and Class Members' computers in Arkansas, and its tracking of Plaintiffs' and Class Members' internet activity, violates Plaintiffs' and Class Members' reasonable expectations of privacy, as well as

---

[1] http://online.wsj.com/article/SB10001424052748704694004576020083703574602.html?mod=googlenews_wsj

Arkansas civil and criminal law. Further, Arkansas expressly recognizes that a violation of its criminal statutes prohibiting computer trespass gives rise to and affords Plaintiffs a civil right of action. *See* Ark. Code Ann. §§ 5-41-106, 16-118-107.

13. Upon information and belief, Apple is financially benefitting from the data being obtained from Plaintiffs' and Class Members' iPhones, as Defendant has boosted its advertising revenues by siphoning personal data directly and through applications designed and built for the iPhone platform.

14. Armed with the knowledge that the data it collects from unsuspecting iPhone smartphone users is worth so much, Defendant uses its phones and operating systems, and actively works with persons and entities to market and distribute applications, to collect valuable data without Plaintiffs' and Class Members' knowledge and consent.

### Miscellaneous

15. The facts complained of herein occurred within the three years preceding the filing of this lawsuit.

16. Any condition precedent to the institution of this lawsuit has been performed, has occurred, or has been waived.

### Class Action Allegations

17. Pursuant to Arkansas Rule of Civil Procedure 23, Plaintiffs bring this lawsuit as a class action on behalf of themselves and all others similarly situated. This action satisfies the Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy of representation, and the Rule 23(b) requirements of predominance, and superiority.

18. The proposed Class which Plaintiffs seek to represent in this action is defined as follows:

*All Arkansas residents who owned and/or own an iPhone whose iPhone (i) was accessed and/or altered by Defendant Apple in the three years preceding the date of filing of this Complaint and/or (ii) had a computer contaminant introduced, caused to be introduced and/or attempted to be introduced by Defendant Apple in the three years preceding the date of filing of this Complaint.*

Excluded from the Class definition are: (1) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels and/or subdivisions, (2) any entity in which Defendant has a controlling interest, to include, but *not limited to, their legal representatives, heirs and successors,* (3) all persons who are presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (4) any Judge in the lawsuit and/or persons within the third degree of consanguinity *to such judge.*

19. Upon information and belief, the Class is compromised of thousands of persons located across Arkansas. It is, therefore, impractical to bring all members of the Class before the Court.

20. There exist questions of law and fact common to all members of the Class. These common questions of law and fact predominate over any individual questions affecting Class Members. Common legal and factual questions include, but are not limited to, the following:

    A. Whether Defendant accessed and/or altered Plaintiffs' and Class Members' *iPhones*;

    B. Whether Defendant acted with intent;

    C. Whether Defendant had authorization to access and alter Plaintiffs' and Class Members' iPhones;

    D. Whether Plaintiffs and Class Members are entitled to compensatory damages, and the amount of such damages; and

    E. Whether Plaintiffs and Class Members are entitled to other relief, and the scope and nature of such relief.

21. The claims of the representative Plaintiffs are typical of the claims of the Class in that:

A. Plaintiffs' iPhones, like the iPhones of all Class Members, were accessed by Defendant;

B. Plaintiffs, like all Class Members, have been damaged by Defendant's unlawful misconduct; and

C. The factual bases and cause of action for the claims Plaintiffs assert are common to all Class Members and represent a common thread of misconduct resulting in injury to all Class Members.

22. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have no interests which conflict with the Class, and they have retained attorneys who are experienced in the prosecution of complex consumer class action litigation involving computers and the internet.

23. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joining all members is impracticable, and this action will be manageable as a class action. There will be no difficulty in the management of this class action.

24. To prosecute individual actions would increase both the expenses and cause delay, not only to Plaintiffs and Class Members, but also to Defendant and the Court.

25. In contrast, a class action will avoid case management difficulties and provide multiple benefits to the litigating parties, including efficiency, economy of scale, unitary adjudication with consistent results and equal protection of the rights of each Class Member, all by way of the comprehensive and efficient supervision of the litigation by a single court.

26. Class treatment of the claims asserted by Plaintiffs is superior to other methods of adjudicating the claims of the Class in that:

A. The prosecution of separate actions by individual members of the Class would create a foreseeable risk of inconsistent or varying adjudications which would establish incompatible results and standards of conduct for Defendant;

B. Adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other members not parties to the separate adjudications or would substantially impair or impede their ability to protect their own interests; and

C. Class action treatment avoids the waste and duplication inherent in numerous individual actions and conserves the resources of the courts.

### Count 1 - Computer Trespass in Violation of Arkansas Law

27. Plaintiffs incorporate paragraphs 1 - 26 as if fully set out herein.

28. An iPhone is a "computer" as defined in Ark. St. 5-41-102(2) ("Computer" means an electronic device that performs a logical, arithmetic, or memory function by manipulating an electronic or magnetic impulse and includes any input, output, processing, storage, computer software, or communication facility that is connected or related to that device in a system or a network.").

29. Defendant Apple intentionally and without authorization accessed and altered Plaintiffs' and Class Members' iPhones and their integrated computer systems, computer networks, computer programs, and/or data. Apple embedded code, or permitted code to be embedded, in such a way as to allow the iPhones to be routinely accessed in contravention of the Arkansas Computer Related Crimes Act. Apple, and parties working together with Apple, surreptitiously obtained information from the smartphones without permission. *See* Ark. Code Ann. § 5-41-102(1) (""Access" means to instruct, *communicate with*, store data in, or *retrieve data from* a computer, computer system, or computer network") (emphasis added); Ark. Code Ann. § 5-41-104 ("(a) A person commits computer trespass if the person intentionally and without authorization *accesses*, alters, deletes, damages, destroys, or disrupts any computer, computer system, computer network, computer program, or data.") (emphasis added).

Defendant's conduct as set forth herein constitutes computer trespass in violation of Arkansas Code Annotated § 5-41-101, *et seq.* and other applicable Arkansas law

30. As a result of the foregoing, Plaintiffs and Class Members were injured in their property or person and sustained damages in an amount to be proven at trial. Plaintiffs have the right under Arkansas law to assert civil claims for relief as a result of Apple's wrongful conduct pursuant to Arkansas Code Annotated § 5-41-101, *et seq.* and other applicable Arkansas law.

31. *This legal proceeding should be conducted is such a way as to protect the secrecy* and security of Plaintiffs' and the Class Members' computers, computer systems, computer networks, computer programs, and/or data in order to prevent possible recurrence of the same or similar acts by another person.

### Count II – Unlawful Act Regarding A Computer in Violation of Arkansas Law

32. Plaintiffs incorporate paragraphs 1 - 31 as if fully set out herein.

33. In the alternative, and without waiving the foregoing, Defendant Apple knowingly and without authorization introduced, caused to be introduced or attempted to introduce a computer contaminant into Phones, computers, networks or data belonging to Plaintiffs and Class Members. Apple's conduct as set forth herein constitutes an unlawful act regarding a computer in violation of Arkansas Code Annotated, § 5-41-201, *et seq.*, and other applicable Arkansas law.

34. Plaintiffs and Class Members have the right under Arkansas law to assert civil claims for relief as a result of Apple's wrongful conduct pursuant to Arkansas Code Annotated § 5-41-201, *et seq.* and other applicable Arkansas law.

35. As a result of the foregoing, Plaintiffs and the Class were injured in their property or person and sustained damages in an amount to be proven at trial.

### Count III – Unjust Enrichment in Violation of Arkansas Law

36. Plaintiffs incorporate paragraphs 1 - 35 as if fully set out herein.

37. In the alternative, and without waiving the foregoing, by selling or using data acquired from Plaintiffs' and Class Members' computers, Defendant Apple has received, and continues to receive, money to which it is not entitled that should be restored to Plaintiffs and Class Members.

38. The enrichment of Defendant by selling or using data acquired from Plaintiffs and Class Members is unjust and inequitable because Defendant is acquiring the data by computer trespass in violation of Plaintiffs' and Class Members' privacy rights and Arkansas law.

39. The unjust enrichment of Defendant was and is at the expense or to the detriment of Plaintiffs and Class Members.

### Count IV - Civil Conspiracy in Violation of Arkansas Law

40. Plaintiffs incorporate paragraphs 1 - 39 as if fully set out herein.

41. In the alternative to any foregoing cause of action, Defendant conspired with creators of applications to obtain information from their use and installation of application on the iPhones owned by the Class Members.

42. Defendant has conspired to withhold from Plaintiffs, Class Members and the public information about the true nature and purpose of iPhones and their applications, what private information is conveyed to the creators of the applications and third parties, and what private information Defendant obtains and uses for its own financial benefit.

43. As a direct and proximate result of Defendant's conspiracy with unnamed co-conspirators, Plaintiffs and Class Members have been misled, defrauded, and deprived of their

private information. Defendant's conduct was wrongful and immoral and the manner in which it was obtained was likewise wrongful and immoral.

44. Defendant should be held jointly and severally liable for Plaintiffs' and Class Members' damages sustained as a result of the unlawful conspiracy with unnamed co-conspirators. Defendant was aware that its participation in the unlawful scheme resulted in a breach of Arkansas law and invasion of privacy rights. As such, Defendant is liable for the wrongful conduct of each of its co-conspirators and subsequent damage to each Plaintiff and Class Member.

45. The conduct of Defendant was intentional, willful, malicious and/or in reckless disregard of the rights of others.

Wherefore, Plaintiffs, individually and as Class Representatives on behalf of all similarly situated persons and/or entities, pray the Court grant certification of this case as a class action pursuant to Arkansas Rule of Civil Procedure 23; appoint Plaintiffs as Class Representative and Plaintiff's counsel as Class counsel; award appropriate monetary damages to Plaintiffs and the proposed Class in an amount sufficient to compensate them for Defendant Apple's wrongful conduct and unjust enrichment, which, when aggregated with all other elements of damages, costs, and fees, will not exceed $75,000.00 per class member and/or $5,000,000.00 for the entire class; award prejudgment interest in order to prevent Defendant Apple from receiving unjust enrichment for its improper conduct, which, collectively with all other elements of damages, cost, and fees will not exceed $75,000.00 per class member and/or $5,000,000.00 for the entire class; award reasonable and necessary attorneys' fees and costs to Class counsel, which, collectively with all other elements of damages, costs, and fees will not exceed $75,000.00 per class member and/or $5,000,000.00 for the entire class; award such additional relief in law or in

or equity as the Court determines fair, reasonable and appropriate, which, collectively with all other elements of damages, costs, and fees will not exceed $75,000.00 per class member and/or $5,000,000.00 for the entire class; and award any and all further relief to which Plaintiffs and Class Members may prove themselves entitled to under Arkansas law.

Leah Thompson and Patricia Harp, Plaintiffs

By: _____

W. H. Taylor, #81154
William B. Putman, #91198
Taylor Law Partners
303 E. Millsap Road
P. O. Box 8310
Fayetteville, AR 72703
Telephone:   (479) 443-5222
Facsimile:    (479) 443-7842

Matt Keil, #86099
John C. Goodson, #90018
Keil & Goodson P.A.
406 Walnut Street
Texarkana, Arkansas 71854
Telephone:   (870) 772-4113
Facsimile:    (870) 773-2967

## Sworn and Binding Stipulation

Before me, the undersigned authority on this day personally appeared Leah Thompson, known to me to be the undersigned Affiant whose name is subscribed below, who, after having been duly sworn by me, upon her oath deposed and stated as follows:

1. My name is Leah Thompson. I am a plaintiff in this lawsuit. I am over the age of eighteen. I am of sound mind, capable of making this affidavit, fully competent to testify to the matters stated herein, and am under no legal disability. I have personal knowledge of the facts and statements contained herein, and of the facts and statements are true and correct.

2. I do hereby swear and affirm that I do not now and will not at any time during this case seek damages for myself or any other individual class member in excess of $75,000 (inclusive of costs and attorneys' fees) or seek damages for the class in excess of $5,000,000 in the aggregate (inclusive of costs and attorneys' fees).

3. I understand that this stipulation is binding, and it is my intent to be bound by it.

Further affiant sayeth not.

_/s/ Leah Thompson_
LEAH THOMPSON

SUBSCRIBED AND SWORN TO BEFORE ME, to which witness my hand and official seal on this the ___ day of _____, 20__.

_____
Notary Public

My Commission Expires:

1/18/15

## Sworn and Binding Stipulation

Before me, the undersigned authority on this day personally appeared Patricia Harp, known to me to be the undersigned Affiant whose name is subscribed below, who, after having been duly sworn by me, upon his oath deposed and stated as follows:

1. My name is Patricia Harp. I am a plaintiff in this lawsuit. I am over the age of eighteen. I am of sound mind, capable of making this affidavit, fully competent to testify to the matters stated herein, and am under no legal disability. I have personal knowledge of the facts and statements contained herein, and of the facts and statements are true and correct.

2. I do hereby swear and affirm that I do not now and will not at any time during this case seek damages for any individual class member in excess of $75,000 (inclusive of costs and attorneys' fees) or seek damages for the class in excess of $5,000,000 in the aggregate (inclusive of costs and attorneys' fees).

3. I understand that this stipulation is binding, and it is my intent to be bound by it.

Further affiant sayeth not.

_____
PATRICIA HARP

SUBSCRIBED AND SWORN TO BEFORE ME, to which witness my hand and official seal on this the 4 day of January, 2011.

_____
Notary Public

My Commission Expires:

1/18/2015

## Sworn and Binding Stipulation

Before me, the undersigned authority on this day personally appeared W.H. Taylor, known to me to be the undersigned Affiant whose name is subscribed below, who, after having been duly sworn by me, upon his oath deposed and stated as follows:

1. My name is W.H. Taylor. I am counsel for Plaintiffs and the putative class in this lawsuit. I am over the age of eighteen. I am of sound mind, capable of making this affidavit, fully competent to testify to the matters stated herein, and am under no legal disability. I have personal knowledge of the facts and statements contained herein, and of the facts and statements are true and correct.

2. I do hereby swear and affirm that I do not now and will not at any time during this case seek damages for any individual class member in excess of $75,000 (inclusive of costs and attorneys' fees) or seek damages for the class in excess of $5,000,000 in the aggregate (inclusive of costs and attorneys' fees).

3. I understand that this stipulation is binding, and it is my intent to be bound by it.

Further affiant sayeth not.

_____
W.H. TAYLOR

SUBSCRIBED AND SWORN TO BEFORE ME, to which witness my hand and official seal on this the 4th day of January, 2010.

_____
Melissa Austin
Notary Public

My Commission Expires: