IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

LEAH THOMPSON and
PATRICIA HARP                                                                    PLAINTIFFS

VS.                              NO.  11-3009 PKH

APPLE INC.                                                                         DEFENDANT

**DEFENDANT APPLE INC.'S SURREPLY TO PLAINTIFFS' MOTION TO REMAND**

Plaintiffs' Reply in Support of the Motion for Remand (the "Reply") focuses extensively on an inadvertent error that Defendant Apple Inc. ("Apple") made in its Opposition to the Motion to Remand (the "Opposition"). Contrary to the innuendo in Plaintiffs' Reply, Apple's citation of a California district court case, overturned by the Ninth Circuit in an unpublished memorandum shortly before Apple filed its Opposition, was a simple, albeit unfortunate, error for which Apple sincerely apologizes both to the Court and to Plaintiffs. Plaintiffs focus on this mistake, however, because under Eighth Circuit law they can say very little else. While Apple's failure was an oversight and related to a case that consumed five sentences in an 18-page brief, Plaintiffs spend the better part of four pages of their Reply addressing the subsequent Ninth Circuit decision without mentioning that the legal standard applied by the Ninth Circuit—"legal certainty" that the amount in controversy does not exceed the jurisdictional amount—is almost the polar opposite of the Eighth Circuit's standard, which allows remand only if it is "legally impossible" for the amount in controversy to exceed that amount.

According to Plaintiffs, "Apple's response to Plaintiff's Motion to Remand relies *heavily* on *Johnson v. U.S. Vision, Inc.*, 2010 WL 3154847 (S.D. Cal. Aug. 9, 2010) …." (Reply at 1 (emphasis added).) In fact, Apple's discussion of *Johnson* was merely as additional authority for the proposition that Plaintiffs cannot use vague pleading to escape removal, and the entire discussion comprised a few sentences in an 18-page brief. (*See* Opp. at 14.) Excising all reference to *Johnson*, Apple cites ample authority explaining that a removing defendant can establish the amount in controversy by a preponderance of the evidence when it identifies the number of class members and the potential recovery to each member that could result from the allegations made in the complaint. (*See id.* at 14-15 (citing authorities).)

This is particularly so given the applicable standard enunciated by the Eighth Circuit. Plaintiffs' analysis of the Ninth Circuit's opinion in *Johnson v. U.S. Vision, Inc.*, 2011 WL 674750 (9th Cir. Feb. 24, 2011), omits any reference to the Ninth Circuit standard. (*See* Reply at 1, 4, 5.) The omission is significant because the Ninth Circuit standard is the mirror opposite of the Eighth Circuit standard that applies to this motion; indeed the Eighth Circuit explicitly rejected the Ninth Circuit standard applied in *Johnson*. *Bell v. Hershey*, 557 F.3d 953, 957 (8th Cir. 2009). In *Johnson*, the Ninth Circuit required that the removing defendant "prove to a 'legal certainty' that the amount in controversy in this case exceeds $5,000,000," *Johnson*, 2011 WL 674750, at *1 (citation omitted), because the *Johnson* plaintiff pled damages less than $5 million, *Johnson*, 2011 WL 674750, at *2.

By contrast, in the Eighth Circuit, remand is allowed only if the plaintiff "can establish that it is legally impossible to recover in excess of the jurisdictional minimum." *Bell*, 557 F.3d at 959. A defendant removing under CAFA need only establish federal jurisdiction by a preponderance of the evidence. *Id.* at 958. Accordingly, the Ninth Circuit's recent decision in *Johnson* that the defendant did not satisfy its "legal certainty" burden does not assist this Court in determining whether Apple has met its "preponderance" burden or whether plaintiff has, in turn, established "legal impossibility."

Apple regrets its error in citing the *Johnson* district court decision. As noted, the Ninth Circuit's unpublished decision reversing the district court issued only shortly before Apple filed its brief and after its research and drafting were well under way in anticipation of the need to respond to a Motion for Remand. But the Ninth Circuit's decision in *Johnson* does not alter the

//

//

outcome here. Plaintiffs' efforts to circumvent CAFA should be disallowed, and this Court should exercise jurisdiction over this action, as Congress intended.

DATE: March 28, 2011                                  Respectfully submitted,

                                              */s/ Michael L. Charlson*
Michael L. Charlson (admitted *pro hac vice*)

HOGAN LOVELLS US LLP
525 University Avenue, 4th Floor
Palo Alto, California  94301
Telephone:     (650) 463-4000
Facsimile:      (650) 463-4199
michael.charlson@hoganlovells.com

*Attorneys for Defendant Apple Inc.*


Michelle M. Kaemmerling (2001227)
Paul D. Morris (2001238)
WRIGHT, LINDSEY & JENNINGS LLP
903 North 47th Street, Suite 101
Rogers, Arkansas 72756
(479) 986-0888
Fax:  (479) 986-8932
mkaemmerling@wlj.com
pmorris@wlj.com

Clayton C. James (admitted *pro hac vice)*
HOGAN LOVELLS US LLP
One Tabor Center, Suite 1500
1200 Seventeenth Street
Denver, CO  80202
(303) 899 7300
Fax:  (303) 899 7333
clay.james@hoganlovells.com

Christopher Wolf (admitted *pro hac vice*)
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC  20004
(202) 637-5600
Fax:  (202) 637-5910
christopher.wolf@hoganlovells.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 28, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

    W.H. Taylor – whtaylor@taylorlawpartners.com

    William B. Putman – wbputman@taylorlawpartners.com

    D. Matt Keil – mkeil@kglawfirm.com

    John C. Goodson – jcgoodson@kglawfirm.com

    Jeremy Hutchinson – jhutchinson@pattonroberts.com

    Stevan E. Vowell – svowell@taylorlawpartners.com

    */s/ Michael L. Charlson*

    Michael L. Charlson (admitted *pro hac vice*)

    HOGAN LOVELLS US LLP
    525 University Avenue, 4th Floor
    Palo Alto, California  94301
    Telephone:  (650) 463-4000
    Facsimile:  (650) 463-4199
    Email:  michael.charlson@hoganlovells.com

    *Attorneys for Defendant Apple Inc.*