```
           IN THE UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF ARKANSAS
                    HARRISON DIVISION
```

LEAH THOMPSON and
PATRICIA HARP                                          PLAINTIFFS

v.                    Case No. 3:11-CV-03009-PKH

APPLE, INC.                                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

Currently before the Court are Plaintiffs' Motion for Remand to State Court and supporting brief (Docs. 12-13) and Defendants' Response (Doc. 17), Plaintiffs' Reply Brief (Doc. 27), Defendant's Motion to Stay Proceeding Pending Resolution of Motion to Transfer Pursuant to 28 U.S.C. § 1407 (Docs. 33-34), Plaintiffs's Response to Motion to Stay (Doc. 35), and Defendant's Reply (Doc. 37). Also pending is the Plaintiffs' Motion to Dismiss. (Doc. 38). Plaintiffs dispute the existence of diversity jurisdiction in this case contending that the amount in controversy does not meet the jurisdictional requirements described in the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d). Defendant seeks to have this case transferred to the Northern District of California for coordinated pretrial treatment pursuant to 28 U.S.C. $1407. Most recently, Plaintiffs have sought to voluntarily dismiss their case under Fed. R. Civ. P. 41(a)(2). For the reasons stated herein, Defendant's Motion to Stay Proceedings is **DENIED,** Plaintiff's Motion to Dismiss is **DENIED,** and Plaintiffs' Motion to Remand to State Court is **GRANTED.**

Plaintiffs Leah Thompson and Patricia Harp commenced this

action as a class action lawsuit in the Circuit Court of Carroll County, Arkansas. Defendant Apple, Inc. ("Apple) removed the case to federal district court asserting jurisdiction under CAFA, 28 U.S.C. § 1332(d)(2)(A). This requires proof that the amount in controversy exceeds $5 million, exclusive of interest and costs. *Id*. Apple filed a Declaration with its Response to the Motion to Remand, stating that Apple has registered more than 250,000 iPhones in Arkansas. With a retail cost per phone from $99 to more than $599, Apple then makes a mathematical calculation that the amount in controversy is in excess of $5 million based on this evidence. Plaintiffs challenge Apple's evidence, arguing that there is no correlation between the relief sought in the complaint and the total retail cost of the iPhones. Plaintiffs argue that their claims are based on Apple's wrongful access and alteration of Plaintiffs' iPhones, which has little to do with the retail cost of the iPhones.

   Generally, "federal courts, as opposed to state trial courts of general jurisdiction, are courts of limited jurisdiction marked out by congress." *Aldinger v. Howard*, 427 U.S. 1, 15, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976). Federal courts must strictly construe the federal removal statute, and resolve any ambiguities about federal jurisdiction in favor of remand. *Transit Casualty Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997). A defendant in state court may remove the case to federal court if the defendant can demonstrate that the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a).

In removal cases, the party asserting federal jurisdiction has the burden of proof that the amount in controversy meets the jurisdictional amount. *Hatridge v. Aetna Cas. & Sur. Co.,* 415 F. 2d, 809, 814 (8th Cir. 1969). The standard by which the proof is measured is proof by a preponderance of the evidence that the amount in controversy requirement has been met. *In re Minn. Mut. Life Ins. Co. Sales Practices Litig.,* 346 F.3d 830, 834 (8th Cir. 2003). The enactment of CAFA did not change these general removal standards. *Bell v. Hershey Co.,* 557 F.3d, 953 (8th Cir. 2009). A court must first look at the complaint to determine the amount in controversy, and if the jurisdictional amount is not apparent from the complaint, then the court should look to the notice of removal at the time the case was removed. *Miedema v. Maytag Corp.,* 450 F.3d 1322, 1330 (11th Cir. 2006)

The Plaintiffs' complaint does not allege how the Plaintiffs' damages would be calculated on their claim of wrongful access and alteration of the iPhones. The Plaintiffs did, however, attach to their complaint signed affidavits stating that their damages would not exceed the jurisdictional amount under CAFA. Apple argues that Plaintiffs' complaint "provides no hint as to what actual injury or damages Plaintiffs claim to have suffered." Apple challenges the affidavits by filing a Declaration stating that there are over 250,000 iPhones registered in Arkansas, then arguing that their total retail cost exceeds $5 million. The defendant suggests that the alleged alteration could have made the iPhones "worthless," thereby the damages could exceed $5 million. As stated in *Ongstad*

*v. Piper Jaffray & Co.,* 407 F. Supp. 2d 1085, 1092 (D. N.D. 2006), "...[n]either party has provided the Court with a reliable method to determine, or even guestimate" the proper amount of damages. Aside from the Plaintiffs' affidavits, the pleadings in this case are of little aid to the court in determining the amount in controversy. The Court sees little correlation between the Plaintiffs' claims and Apple's argument that the iPhones may be rendered "worthless" if the Plaintiffs were to prevail. The burden of proof lies with the defendant, and Apple has failed to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount under CAFA. On these grounds alone, the Motion to Remand should be granted.

Even if Apple had met its burden of proof as to the amount in controversy, it would still not prevail based on the binding affidavits submitted with the Plaintiffs' complaint. When a removing defendant meets the burden of proof for diversity jurisdiction, the burden shifts to the Plaintiffs to show to a "legal certainty" that their damages will not exceed the jurisdictional amount under CAFA. *Westerfeld v. Indep. Processing, LLC,* 621 F.3d 819, 823 (8th Cir. 2010); *Harris v. Sagamore Ins. Co.,* 2008 WL 4816471 (E.D. Ark. 2008)(citing *In re Minn. Mut. Life Ins. Co. Sales Practices Litig.,* 346 F.3d 830, 834 (8th Cir. 1969). The Eighth Circuit stated in *Bell v. Hershey Co.* that a party, "[i]n order to ensure that any attempt to remove would have been unsuccessful . . . could have included a binding stipulation with his petition stating that he would not seek damages greater than

the jurisdictional minimum upon remand." 557 F.3d, 953, 958 (8th Cir. 2009). The Plaintiffs in this case followed the *Bell* roadmap by attaching signed affidavits from both the Plaintiffs and their lawyers stating that damages will not exceed $5 million, inclusive of costs and attorneys' fees. (Doc. 2). While Apple challenges the language regarding stipulations in *Bell* as nothing more than dicta, numerous federal district courts in Arkansas have set forth compelling reasoning in ruling that stipulations following the procedure outlined in *Bell* are sufficient to defeat diversity jurisdiction under CAFA. See *Murphy v. Reebok International, Ltd.*, 2011 U.S. Dist. LEXIS 46983 (W.D. Ark. 2011); *Turberville v. New Balance Athletic Shoe, Inc,* 2011 U.S. Dist. LEXIS 45894 (W.D. Ark. 2011); *Harris v. Sagamore Ins. Co.,* 2008 WL 4816471 (E.D. Ark. 2008). Arkansas law allows plaintiffs to plead their damages with specificity. Ark. R. Civ. P. 8(a)(2). The Plaintiffs in this case have done so, both in the body of their complaint and with incorporated stipulations. And as stated by Judge Marshall in *Murphy*, a class action in which similar affidavits were filed, "... stipulations are strong medicine." 2011 U.S. Dist. LEXIS 46983 at *4.

Apple's last argument in attempting to prove the jurisdictional amount in controversy is that the Plaintiffs have not adequately disclaimed punitive damages, and as such, there is the possibility that damages could exceed the jurisdictional amount under CAFA. Although subject to closer scrutiny, punitive damages are to be considered by the court in determining the amount in controversy.

*Allison v. Security Ben. Life Ins. Co.,* 980 F.2d 1213, 1215 (8th Cir. 1992). However, "the enactment of CAFA did not alter the proposition that the plaintiff is the master of the complaint." *Bell*, 557 F.3d at 956. Plaintiffs' complaint does not allege a claim for punitive damages, and the attached affidavits state that "damages" will not exceed the jurisdictional amount under CAFA. Apple argues that the Plaintiffs' claim for "all other relief" does not adequately disclaim a claim for punitive damages, and that the Court cannot rely on Plaintiffs' argument in its brief that they will not seek punitive damages if the case is remanded to State Court. The attached affidavits state that "damages" will not exceed $5 million. The term "damages" is inclusive of all recoverable damages. While the Court believes that this stipulation alone is sufficient to limit damages, the Plaintiffs would also be judicially estopped from asserting a claim in state court for punitive damages or in any other way attempting to recover more than the amount contemplated in the stipulations.

The four elements of judicial estoppel under Arkansas law, as stated in *Dupwe v. Wallace,* 140 S.W. 3d 464, 467 (Ark. 2004), are: 1) a party must assume a position clearly inconsistent with a position taken in an earlier case; 2) a party must assume the inconsistent position with the intent to manipulate the judicial process to gain an unfair advantage; 3) a party must have successfully maintained the position in the earlier proceeding such that the court relied upon the position taken; and 4) the integrity of the judicial process of at least one court must be impaired or

injured by the inconsistent positions taken. The Court agrees with the reasoning set forth in another Arkansas federal district court opinion specifically addressing the application of judicial estoppel in Arkansas in the context of CAFA. In *Harris v. Sagamore Ins. Co.,* Judge Leon Holmes found to a legal certainty "that the Arkansas courts will not permit the plaintiff to recover damages for the class as a whole in excess of" the damages plead in the complaint. 2008 U.S. Dist. LEXIS 90288 at *8. Furthermore, "if the aggregate claims of the class exceed [the amount plead], the Arkansas courts will be able to prorate the recoverable damages among the members of the class." *Id.*

Similarly to the plaintiffs in *Harris*, in the present case, any attempt by the Plaintiffs to change their position in state court would be precluded because any request for damages in excess of $5,000,000 would be clearly inconsistent with the position taken before this Court; it would suggest an attempt to manipulate the judicial process to gain an unfair advantage; the Plaintiffs would have successfully maintained their position such that this Court relied on their stipulations and pleadings; and the integrity of the judicial process would be impaired by any subsequent inconsistent position. Thus, as all four elements of judicial estoppel recognized under Arkansas law would be met, the Court is satisfied that Plaintiffs would be estopped from seeking punitive or otherwise increased damages in state court upon remand. Combining this finding with Plaintiffs' specific pleading of damages through their complaint and stipulations, Plaintiffs have

shown to a legal certainty that damages would not exceed the jurisdictional amount under CAFA. Therefore, even had Apple met its threshold burden of proving the requisite amount of controversy remand would be appropriate in this case. For all of the above stated reasons, the Plaintiffs' Motion to Remand is GRANTED.

Apple filed a Motion to Stay Proceedings Pending Resolution of Motion to Transfer Pursuant to 28 U.S.C. § 1407. (Doc. 33). The purpose of the Motion to Transfer is to consolidate pending actions in similar cases for pretrial proceedings in multi-district litigation (MDL). The Plaintiffs' Motion to Remand which was filed before the Motion to Stay goes to the subject matter jurisdiction of the court. A putative transferor court need not automatically postpone rulings on pending motions, or any way generally suspend proceedings, merely on the grounds that an MDL transfer motion has been filed. *Tortola Restaurants, L.P. v. Kimberly-Clark Corp.,* 987 F. Supp. 1186, 1188 (N.D. Ca. 1997). Since the Court has ordered remand of this case to state court for the reasons set forth herein, the Defendant's Motion to Stay is **DENIED** as having been mooted by the order to remand.

The Court turns, finally, to the Plaintiffs' Motion to Dismiss (Doc. 38) pursuant to Fed. R. Civ. P. 41(a)(2). "It is axiomatic that a court may not proceed at all in a case unless it has jurisdiction." *Crawford v. F. Hoffman La Roche*, 267 F.3d 760, 764 (8th Cir. 2001). Voluntary dismissal in a class action case is not "one of those grounds for dismissal that the district court could invoke without a finding of subject matter jurisdiction." *Id.* In

considering a Rule 41 motion for dismissal in the class action context, the Court must consider the interests of absent plaintiffs even if a class has yet to be certified. *Id.*; Fed. R. Civ. P. 23(e). Court approval under Rule 41(a)(2) in combination with Rule 23(e) can be a complicated process, which could raise unavoidable questions of law and fact. Because of the Court's finding that this case should be remanded, the Court does not have jurisdiction to consider such issues. Plaintiffs' Motion to Dismiss is, therefore, DENIED.

IT IS THEREFORE ORDERED that the Plaintiffs' Motion to Remand (Doc. 12) is **GRANTED**; the Defendant's Motion to Stay (Doc. 33) is **DENIED**; and Plaintiffs' Motion to Dismiss (Doc. 38) is **DENIED**. This case shall be remanded forthwith to the Circuit Court of Carroll County, Arkansas.

**IT IS SO ORDERED** this 8th day of July, 2011.

/s/ Paul K. Holmes, III
**PAUL K. HOLMES, III**
**UNITED STATES DISTRICT JUDGE**